UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LYNN NELSON,

Plaintiff,

Vs.

UNITED STATES OF AMERICA,

Defendant.

_____/

## COMPLAINT

The Plaintiff, LYNN NELSON ("NELSON"), by and through his undersigned attorney, sues the Defendant, UNITED STATES OF AMERICA ("USA"), under the Federal Tort Claims Act and alleges:

1.    This action against the USA is brought and jurisdiction lies pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346.

2.    At all times material hereto the Plaintiff, LYNN NELSON ("Nelson"), was over the age of 18, sui juris, a citizen of the United States of America, and a resident of Palm Beach County, Florida.

3.    Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. §1391 in that Plaintiff resides in Palm Beach County and the events giving rise to the claims herein took place in Palm Beach County, Florida.

4.    All conditions precedent to jurisdiction have occurred or been complied with.

5.    The United States Postal Service ("USPS") is a federal agency that regularly conducts business in Palm Beach County, Florida.

6.     An administrative claim was presented to the USPS and was denied.   A reconsideration of the Plaintiff's claim was also presented to the USPS and denied, permitting this suit to be filed pursuant to 28 U.S.C. §2675 (See Exhibits 5 through 6A attached hereto).

## General Factual Allegations

7.     At all times relevant to the allegations contained herein, Elizabeth Martinez ("Martinez") was the operator of a USPS postal vehicle acting in the scope of her employment with USPS.

8.     On or about September 3, 2008, Nelson was travelling southbound on the pedestrian sidewalk along the west side of 3rd Street on his bicycle.

9.     As Mr. Nelson approached the pedestrian cross walk to cross Evergreen Drive, the intersection was clear of oncoming vehicular traffic, and Nelson had the right- of-way (See Exhibits 1 through 4 attached hereto).

10.    The intersection of 3rd Street and Evergreen Drive is a clearly marked, four-way stop with four clearly marked pedestrian crosswalks.

11.    Nelson proceeded to cross Evergreen Drive and a postal vehicle, operated by Martinez, slammed into the rear tire of his bicycle, causing him to crash and sustain considerable injuries.

12.    This crash was caused solely as a result of Martinez's neglecting to properly follow Florida traffic laws by failing to yield the right-of-way. Had Martinez come to a complete stop at the stop sign, and used reasonable care before proceeding, she would have remained stopped to allow Nelson to cross.

13.    Additionally, if using reasonable care, Martinez would not have proceeded to travel West, across 3rd Street, on Evergreen Drive at approximately 2:30pm that afternoon. During that time, as noted by legal signage, the West side of Third Street, at this intersection, is a "One Way" street between the hours of 7:30am and 8:30am, as well as 1:45pm and 2:45pm. Vehicles may only travel East on this part of 3rd Street during theses times.

14.    This is a case of a clear negligent or wrongful act or omission of an employee acting in the scope of his/her employment wherein Martinez failed to operate her vehicle in a safe and controlled manner and with willful disregard for the safety and well-being of Nelson.

15.    Defendant, USA, is liable for the injuries and damages sustained by Plaintiff as a result of the negligence of its agent, Martinez.

16.    As a direct and proximate cause of Defendant's negligence, Nelson was gravely injured in and/or about his body and extremities, suffering great physical and mental pain and injuries and incurred medical expenses for treatment of his injuries, suffered physical handicap, permanent disfigurement and scarring, loss of enjoyment of life, aggravation of pre-existing condition, and has effected his ability to work. Said pain, injuries and losses are either permanent or continuing in nature and Nelson will suffer these in the future.

3

**WHEREFORE**, the Plaintiff demand judgment for damages against the Defendant, UNITES STATES OF AMERICA, for damages, attorneys' fees, costs, and such other relief the Court deems necessary and proper.

Dated, this 9th day of May, June 2011.

Respectfully submitted,

LAW OFFICES OF PAUL J. BURKHART, PL
800 Village Square Crossing, Suite 115
Palm Beach Gardens, FL 33410
Telephone:     561-880-0155
Facsimile:     561-656-2070
Email:         jpepin@paulburkhart.net
Attorneys for: Plaintiff, Lynn Nelson
Florida Bar No. 416304

By: _____
    JEFFREY C. PEPIN, ESQUIRE

4

DIAGRAM    NOT TO SCALE

N

3²⁰ 3T

"School" Location

EVERGREEN DR

P-2

Postal Truck

P.O.I.

P2
Nelson

Witness

Page 4    of    4

S
E    W

EXHIBIT
1

N





EXHIBIT

2A





S
E ——|—— W
N

V1
Postal

Approx
point of
Impact

witness

P2
Nelson

EXHIBIT
2C







"School"

Approx
point
of
impact

P2
Nelson

V1 Postal

S — W
E —
N

EXHIBIT
2F

"School"

3RD STREET

STOP

APP
point
of
impact

P2
Neison

DO NOT
Enter
1:45pm - 2:45pm

WITNES

postal truck
view from
vehicle

EXHIBIT
3



EXHIBIT

3A



LAW OFFICES OF

# Paul J. Burkhart PL

800 Village Square Crossing
Palm Beach Gardens, FL 33410
Phone: 561•880•0155 Fax: 561•656•2070
email: paul@paulburkhart.net
www.paulburkhart.net

August 30, 2010

Rosaire R. Badger
Accident Investigator / Claims
United State Postal Service
Post Office Box 163513
West Palm Beach, FL 33416-3513

RE:

Our Client:     Lynn Nelson
Date of Accident:   09/03/2008

Dear Sir/Madam:

We are in receipt of your denial letter to the above referenced claim dated March 3, 2010. Please allow this correspondence to serve as a formal request for reconsideration of the above claim in accordance with the regulations set out at 39 C.F.R. 912.9(b) and outlined in your letter. As legal representative for Mr. Lynn Nelson (hereinafter "Mr. Nelson"), we maintain that this incident occurred as a direct result of negligent or wrongful act or omission of an employee acting in the scope of his/her employment. In consideration of the fact that you are guided in your determination by all information available to you, enclosed you will find additional information for consideration prior to the claimant filing suit in a United States District Court.

At the time of the accident Mr. Nelson, was traveling South on the pedestrian sidewalk along the West side of 3rd Street on his bicycle. As Mr. Nelson approached the pedestrian cross walk to cross Evergreen Drive, the intersection was clear of oncoming vehicular traffic, and Mr. Nelson had the right-of-way (See Exhibits 1 through 3A attached hereto). The intersection of 3rd Street and Evergreen Drive is a clearly marked, four-way stop as shown in Exhibits 1 through 3A attached hereto, and there are four clearly marked pedestrian crosswalks. Mr. Nelson proceeded to cross Evergreen drive and a postal vehicle, operated by your employee/insured, Elizabeth Martinez, struck the rear tire of his bicycle causing him to fall. As indicated by the police report attached hereto as Exhibit 5, the front left quadrant of postal vehicle made impact with Mr. Nelson's rear tire causing him to fall sustaining considerable injuries. The report explicitly states that "V1 struck P2 on the rear tire with the left front corner of her bumper causing P2 to crash his bicycle approximately 25 feet south of the crosswalk." This statement directly conflicts with your response dated on March 3, 2010, which falsely states that Mr. Nelson "lost control of his bicycle while crossing the intersection, hit a pothole and fell." Fla. Stat. §316.130 (7)(b) states in pertinent part:

*The driver of a vehicle at any crosswalk where signage so indicates shall stop and remain stopped to allow a pedestrian to cross the roadway when the pedestrian is in the crosswalk or steps into the crosswalk and is upon the half of the roadway which the*



EXHIBIT
5

*vehicle is traveling or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger.*

As noted in the initial claim, Mr. Nelson was immediately transported by Palm Beach County Fire Rescue to St. Mary's Medical Center for treatment. Mr. Nelson's injuries, as a direct result of the accident, were substantial and have afflicted several parts of his body as outlined in the medical records. Notably: Visual injuries to Mr. Nelson's back, left elbow, left ribs, left fingers, left knee, right inner thigh, and neck as well as an immediate medical diagnosis including closed fractures of dorsal (thoracic) and lumbar vertebra. Mr. Nelson followed discharge instructions to follow up with an orthopedist, and as outlined in the medical records, and initial claim letter, Mr. Nelson has had ongoing medical problems directly related to the accident. To date, Mr. Nelson has incurred medical expenses for care and treatment of these injuries in excess of $22,528.50.

Mr. Nelson will certainly incur future medical expenses as a direct result of the accident. He will require physical therapy and care by an orthopedist. Mr. Nelson will experience pain as a result of his injuries for the remainder of his life. Prior to the accident, Mr. Nelson was an active 63 year-old man who was just beginning to enjoy his retirement.

As noted in the contributing causes section in the police report, attached hereto as Exhibit 5, this crash was caused solely as a result of Ms. Martinez's neglecting to properly follow Florida traffic laws by failing to yield the right-of-way.

The photographs attached hereto as Exhibit 2A, and 3 through 4B, clearly show that if Ms. Martinez came to a complete stop at the stop sign and used reasonable care before proceeding, she would have remained stopped to allow Mr. Nelson to cross. Additionally, if using reasonable care Ms. Martinez would not have proceeded to travel West, across 3rd Street, on Evergreen Drive at approximately 2:30pm that afternoon. During that time, as noted by legal signage, the West side of Third Street, at this intersection, is a "One Way" street between the hours of 7:30am and 8:30am, as well as 1:45pm and 2:45pm. Vehicles may only travel East on this part of 3rd Street during theses times. This is a case of a clear negligent or wrongful act or omission of an employee acting in the scope of his/her employment wherein Ms. Martinez failed to operate her vehicle in a safe and controlled manner and with willful disregard for the safety and well-being of my client.

In your response letter of March 3, 2010 the denial of the above claim is supported by a witness statement provided to Palm Beach County Sheriff's Office. We have obtained said witness statement, given by Christine Perez, attached hereto as Exhibit 6, wherein Ms. Perez claims Mr. Nelson "began to lose his balance then hit a hole and fell." We have provided multiple photographs of the intersection, and more specifically the point of impact and surrounding roadway and sidewalk. Please note the age and deterioration of the crosswalk paint, yet there are no signs of holes, potholes, or road repair consistent with repairing a hole or pothole.

Ms. Perez goes on to say "he said he was ok. Just a little shooken." According to the EMS records, which have been previously provided, the paramedics note "patient states that he fell on his left side and is now feeling pain to his entire left side including neck/back, hand, hip, and knee; patient also has multiple abrasions to those injury site." Mr. Nelson was transported to St. Mary's Medical Center, where he was diagnosed with "closed fracture of dorsal (thoracic) vertebra; closed fracture of lumbar

vertebra; unspecified chest pain; pain in limb; and pain in joint, pelvic region/thigh." These two sets of medical records were produced within one hour and a half of each other; therefore, even if Mr. Nelson said he was just a "little shooken" as Ms. Perez stated, he obviously was not. Further, Ms. Perez's statement is dated September 25, 2008, twenty two days after the incident. Clearly, there would be a question as to the accuracy of the recollection of the witness as well as her credibility.

The police report also notes there was a significant delay from the time of the accident to the time the accident was reported to the police. When the police officer arrived on the scene of the accident, Ms. Martinez's postal supervisor was already there. If the witness statement that Mr. Nelson simply hit a pothole and fell, and that Ms. Martinez was a "postal worker in the area" who stopped to help, was true, there would be no need for a postal supervisor be called to the scene of the accident, or for the one hour delay before notifying the police of the accident. Further, no statements have been provided from the postal worker, Ms. Martinez, or the Postal Supervisor which would lead one to believe the statements would be against the interest of the Postal Service.

Through review of the evidence contained in the accident reports, witness statements, medical reports, visits to the accident scene and photos provided of same, it can be clearly determined that the above mentioned accident was caused solely as a result of the negligence of your employee/insured. Accordingly, we hereby request reconsideration of the settlement demand of $100,000.00 for full and final settlement of all claims.

We look forward to your response within 6 months from the date of this letter. Should you have any questions, concerns, or require any additional information please do not hesitate to contact my office. If a response is not received within the 6 months given, my client will have no choice but to proceed accordingly.

Sincerely,

Paul J. Burkhart, Esq.

Enclosures as noted.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _DDz Millez_    ☑ Agent   ☐ Addressee <br> B. Received by (Printed Name)    C. Date of Delivery   8/31/1X |
| 1. Article Addressed to: <br><br> Rosaire R. Badger <br> Accident Invest./Claims <br> United States Postal Service <br> PO Box 1163513 <br> West Palm Beach, FL <br> 33416. | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br><br> 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☑ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7009 1680 0002 1708 9680 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com₀

WEST PALM BEACH FL 33416

| | | |
|---|---|---|
| Postage | $ | $1.56   0109 |
| Certified Fee | | $2.80   18 |
| Return Receipt Fee <br> (Endorsement Required) | | $2.30   Postmark Here |
| Restricted Delivery Fee <br> (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.66 |

Sent To: _USPS Rosaire Badger_
Street, Apt. No.; or PO Box No. _PO Box 1163513_
City, State, ZIP+4 _WPB, 33416_

PS Form 3800, August 2006     See Reverse for Instructions

7009 1680 0002 1708 9680

LAW DEPARTMENT
NATIONAL TORT CENTER


*UNITED STATES*
*POSTAL SERVICE*

October 29, 2010

VIA CERTIFIED MAIL # 7000 0520 0017 5082 8690
RETURN RECEIPT REQUESTED

Paul J. Burkhart
Attorney at Law
800 Village Square Crossing
Palm Beach Gardens, FL 33410-4540

Re:  Your Client:       Lynn Nelson
     Date of Incident:  September 3, 2008
     USPS Case #:       NT200931455

Dear Mr. Burkhart:

This is in reference to the request for reconsideration you filed regarding the
administrative claim filed on behalf of Lynn Nelson under the provisions of the
Federal Tort Claims Act, as a result of injuries allegedly sustained by Mr. Nelson on
or about September 3, 2008 in Lake Park, Florida.

Based on our reconsideration of the facts and circumstances set out in the claim file,
and the applicable law, we do not find the United States Postal Service negligent in
this matter. As you know, an independent witness confirmed that this accident was
not caused by the Postal employee. What the police report says to this point is not
relevant, since the officer was not at the scene and, unlike the witness, did not see
what happened. Despite what Mr. Nelson reports the roadway had changed to a
two lane roadway at the time of the accident, which can be confirmed by the
witness. While we regret Mr. Nelson was involved in the bicycle accident, we do not
believe the evidence supports a conclusion that his injures were caused by any
negligence of the Postal employee. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with
the Postal Service's final denial of an administrative claim, a claimant may file suit in
a United States District Court no later than six (6) months after the date the Postal
Service *mails* the notice of that final action. Accordingly, any suit filed in regards to

P. O. BOX 66640
ST. LOUIS, MO 63141-0640
TEL: 314/872-5120
FAX: 314/872-5193


**EXHIBIT**
Q

this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Sincerely,

William D. Glenn

William D. Glenn
Tort Claims Examiner/Adjudicator
Phone (314) 872-5166
Fax (314) 872-5193

cc:    Walter Dobson
       Tort Claim Coordinator
       File No. 08-W-233

IN RE: PRE-SUIT NOTICE OF CLAIM
PURSUANT TO FLORIDA STATUTE
768.28(6)(A).

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

LYNN NELSON,

Plaintiff,                                    **Case No.:**

Vs.

UNITED STATES OF AMERICA,

Defendant.

_____/

## CLAIMANT(S) NOTICE OF POTENTIAL LITIGATION AGAINST THE
## UNITED STATES POSTAL SERVICE PURSUANT TO FLORIDA STATUTE
## 768.28

TO:  **State of Florida**                        **Consumer Affairs**
     **Department of Financial Services**         **Policy & Program Development**
     **200 East Gaines Street**                   **USPS Headquarters**
     **Tallahassee, Florida  32399-0300**         **475 Lenfant Plaza South West**
                                                  **Washington D.C., 20026**

     **Tort Claims Coordinator**
     **United States Postal Service**
     **Post Office Box 163513**
     **West Palm Beach, FL 33414**

Pursuant to Florida Statute Section 768.28, this letter will serve to notify you or
otherwise place you on notice that Claimant(s), have placed you on Notice of their intent
to initiate Litigation against a governmental entity.

The following person notifies you of their potential claim:

Claimant(s):                Lynn Nelson
Date of Birth:              December 27, 1944
Social Security Number:     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
Place of Birth:             Charleston, West Virginia

1.     No prior adjudicated unpaid claim in excess of $200.00 dollars exists relative to
this claimant.



2.     This claim arises out of an incident that occurred on September 3, 2008.

3.     An administrative claim was presented to the USPS and was denied. A reconsideration of the Plaintiff's claim was also presented to the USPS, and was again denied.

I certify that on the 17th day of February, 2011, this Notice was sent to the State of Florida Department of Financial Services, The Capitol, 200 East Gaines Street, Tallahassee, Florida 32399-0300, Consumer Affairs, Policy & Program Development, USPS Headquarters, 475 Lenfant Plaza South West, Washington D.C., 20026, and Tort Claims Coordinator, United States Postal Service, Post Office Box 163513, West Palm Beach, FL 33414, and Lynn Nelson, 237 Bayberry Drive, Lake Park, FL 33403, via certified mail.

|  |  |
|---|---|
| Attorney Name: | Jeffrey C. Pepin |
| FL Bar No.: | 416304 |
| Firm Name: | Law Offices of Paul J. Burkhart |
| Address: | 800 Village Square Crossing |
|  | Palm Beach Gardens, FL 33410 |
| Telephone: | (561) 880-0155 |
| Facsimile: | (561) 656-2070 |

Attorneys for Claimant(s)

By:_____
     JEFFREY C. PEPIN, ESQUIRE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tort Claims Coordinator
United States Postal Service
PO Box 163513
West Palm Beach, FL 33419

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
WALTER DOBSON   03·24·11

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7009 1680 0002 1709 0983

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State of Florida
Department of Financial Services
200 East Gaines Street
Tallahassee, FL 32399-0300

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
DEPARTMENT OF FINANCIAL SERVICES   ☐ Agent
R. SCOTT, MAIL CENTER SUPERVISOR   ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7009 1680 0002 1709 0976

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Consumer Affairs
Policy & Program Development
USPS Headquarters
475 Lenfant Plaza SW
Washington D.C., 20026

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☒ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
A. Robinson   2/28/11

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7009 1680 0002 1709 0990

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540